Tiffany M. **CULVER**, Appellee

v.

Eric J. **PILKAUSKAS**, Appellant

Superior Court of Pennsylvania.

Submitted July 12, 2004.

Filed Sept. 22, 2004.

Colleen M. Neary, Media, for appellant.

Angela L. Martinez, Media, for appellee.

Before: DEL SOLE, P.J., PANELLA, and BECK, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Eric Pilkauskas ("Father") appeals the order entered on November 18, 2003 by the Honorable Kathrynann Durham in the Court of Common Pleas of Delaware County requiring him to pay child support for the parties' minor child, Rebeka Pilkauskas[1], in the amount of $976.00 per month. After careful review, we reverse and remand for recalculation of the support order in accordance with this opinion.

¶ 2 The matter *sub judice* was initiated by Appellee, Tiffany Culver ("Mother"), when she filed a petition to modify child support obligation on June 7, 2002. Trial Court Opinion, 03/08/2004, at 2.

¶ 3 On December 26, 2002, the support master made a recommendation after which a timely *de novo* appeal was taken. *Id.* Following an evidentiary hearing and post-trial submissions, the trial court ordered Father to pay $976.00 per month in child support. *Id.* at 5. This amount was in part calculated on the fact that Mother receives $596.96 in "income" in the nature of flex credits from her employer, The Vanguard Group, and that Mother pays $676.00 per month for health insurance for herself and the minor child. *Id.* at 5.

¶ 4 The sole issue presented by Father for our review is "[w]hether the trial court committed an abuse of discretion and/or an error of law by directing that Appellant pay a portion of Appellee's employer paid health insurance premiums, in contravention of Pa.R.C.P.1910.16-2(a) and 1910.16-6(b)(1) [sic]." Brief for Appellant at 7.

¶ 5 It is well-settled that the standard of review applicable to child support cases is abuse of discretion. *Isralsky v. Isralsky*, 824 A.2d 1178, 1186 (Pa.Super.2003). In *Isralsky*, this Court determined that an abuse of discretion is a misapplication of the law, an unreasonable exercise of judgment, or a judgment that was based on bias, ill will, prejudice or partiality. *Id.* Further, such abuse of discretion must be shown by clear and convincing evidence. *Id.*

¶ 6 With this standard of review in mind, we will now review Father's assertion of error regarding the trial court's determination that the cost of employer paid health insurance premiums be allocated between the parties. Brief for Appellant at 11. Father claims the trial court erred by including company "flex credits" provided to Mother by her employer in Mother's net monthly income in contravention of Pennsylvania Rule of Civil Procedure 1910.16–6(b)(1) which states in relevant part that "[e]mployer paid [health insurance] premiums are not subject to allocation." Pa.R.C.P., Rule 1910.16–6(b)(1), 42 PA. CONS. STAT. ANN. Father states that, in his analysis, these "flex credits would be obsolete if no medical coverage is opted by the employee." Brief for Appellant at 12. This argument is supported by Mother's testimony at trial that her employer adds that amount of money known as flex credits into her paycheck and then the employer deducts the full amount of her benefits. N.T., 07/01/2003 at 15. Mother further testified that if she does not accept insurance through her employer, she would not get those flex credits as "income." *Id.*

---

1. Mother and Father were never married. Rebeka Pilkauskas, their daughter, was born on October 27, 1987.

¶ 7 Mother also testified on direct examination that flex credits were provided for medical, dental, eye and prescription coverage. Therefore, the entire bi-weekly amount of $275.52 (or $596.96 per month) can be considered employer paid health insurance premiums. Thus, the extent that her out of pocket medical expenses exceeded the flex-credit "income" received is the amount Mother *actually* pays for the health insurance premiums for herself and the minor child. While Mother also testified that she purchases other benefits by pre-tax deduction, N.T., 07/01/2003 at 24–26, she indicated that they are *not* included in the flex-credit program. Id. at 14–15.

¶ 8 The trial court determined these flex credits to be income to Mother, and *not* direct payments by Mother's employer to pay for the minor child's healthcare costs, because these flex credits can be applied to a variety of expenses. Trial Court Opinion at 4; N.T., 07/01/2003, at 24–26. The items discussed therein, however, only pertain to pre-tax deductions taken from Mother's paycheck. N.T., 07/01/2003 at 25. On direct examination, Mother responded twice that the *only* types of insurance paid for with her flex credits were medical, dental, eye, and prescription coverage. *Id.* at 16.

¶ 9 Under the trial court's calculations, Mother receives $311.00 from Father for health insurance premiums. Trial Court Opinion, 03/08/2004 at 4–5. Mother's net cost for health insurance, however, is only $79.04 per month. Mother thereby receives a windfall in that she receives a total of $907.96[2] for $676.00 in paid premiums. Her income should not reflect the flex credits provided because Mother said she would not receive that money if she did not buy the health insurance. Therefore, these flex credits are in reality em-

ployer paid health insurance premiums. The unambiguous language of the Rules of Civil Procedure states that "[e]mployer paid premiums are not subject to allocation." Pa.R.C.P., Rule 1910.16–6(b)(1), 42 PA. CONS. STAT. ANN.

¶ 10 Thus, the result reached by the trial court is an unreasonable exercise in judgment, and therefore an abuse of discretion, in light of the fact that in this case the allocation gives Mother credit for a cost she does not bear. Thus Mother's income should be reduced accordingly and the entire support obligation recalculated based on Mother's revised income and the net health insurance cost to mother of $79.04 per month.

¶ 11 Accordingly, we are constrained to reverse and remand for recalculation of the support obligation consistent with this opinion.

¶ 12 Reversed. Remanded. Jurisdiction relinquished.

---

**2.** Mother receives $596.96 per month in flex credits from her employer to be used for the purchase of health insurance, in addition to Father's $311.00 per month.